# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORA LEE THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-CV-59-JED-FHM |
| | ) |
| DEBBIE ALDRIDGE, Warden, | ) |
| | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

Before the Court is the Oklahoma Attorney General's Motion to Dismiss this 28 U.S.C. § 2254 habeas corpus action as untimely (Doc. 7). Lora Lee Thomas, through counsel, filed a Response, arguing the limitation period is subject to tolling (Doc. 8). Thomas also filed a Motion to Consolidate this action with her husband's habeas proceeding (Doc. 6). For the reasons below, the Court will deny the Motion to Consolidate and dismiss the petition.

## I. Background

This case arises from Lora Lee Thomas' convictions for child abuse. According to her adult biological daughter, Thomas beat her adopted children, submerged them in ice baths, and forced them to eat their own vomit. Doc. 2 at 21-22. The children testified about similar conduct. *Id.* The Oklahoma Department of Human Services ("DHS") removed the children from Thomas' home in late 2011. Doc. 2 at 25. Thomas and her husband were arrested and charged with child abuse the following year. Doc. 7-2 at 4.

On January 21, 2014, a jury convicted Thomas of four counts of child abuse in violation of OKLA. STAT. tit. 21, § 843.5. Doc. 7-2 at 31; *see also* Doc. 7-1 at 1. Thomas was sentenced to life imprisonment on each count. Doc. 7-1 at 1. Thomas timely appealed, and the Oklahoma

Court of Criminal Appeals ("OCCA") affirmed the convictions on December 8, 2015. *Id.* About fourteen months later, on February 24, 2017, Thomas filed an application for post-conviction relief in state court. Doc. 7-2 at 40; *see also* Doc. 7-3 at 3. By an order entered July 27, 2017, the state court denied the application. Doc. 7-3 at 1, 23. Thomas again appealed, and the OCCA affirmed the denial on October 31, 2017. Doc. 7-4 at 1.

Thomas filed the federal § 2254 petition, through counsel, on January 26, 2018 (Doc. 2). She raises claims for ineffective assistance of counsel, due process violations, prosecutorial misconduct, double jeopardy, and government corruption/conspiracy. Doc. 2 at 2-3. Thomas also moved to consolidate this action with his husband's habeas proceeding, case no. 18-CV-58 JED-FHM (Doc. 6). In response, the Attorney General moved to dismiss the action as time barred (Doc. 7). The Motion to Dismiss does not address consolidation.

**II. Consolidation**

Consolidation of actions is governed by Fed. R. Civ. P. 42(a). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." The decision whether to consolidate actions is discretionary. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Relevant considerations include whether consolidation would promote convenience, expedition, and economy while affording justice to the parties. *Id.; Servants of the Paraclete v. Great American Insurance Co.,* 866 F. Supp. 1560, 1572 (D.N.M. 1994).

Thomas and her husband were tried together, and the same attorney filed similar pleadings in each federal habeas case. *Compare* 18-CV-58 *with* 18-CV-59. Nevertheless, the Court finds that consolidation is not appropriate or necessary. The state habeas proceedings were separate, and one of the grounds for relief is that defense counsel should have demanded separate

trials based on the Petitioners' mutually antagonistic defenses. Doc. 2 at 45-46; *see also* exhibits to Doc. 7 filed in both cases. As discussed below, the action is also over because Thomas' petition is time-barred. The Court will therefore deny the Motion to Consolidate (Doc. 6).

### III. Timeliness of the Habeas Claims

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for habeas corpus petitions. 28 U.S.C. § 2244(d). The limitation period generally begins to run from the date on which a prisoner's conviction becomes final. The one-year limitation period can be extended:

(1) While a properly filed state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because AEDPA's one-year limitation period is not jurisdictional, the period may be extended through equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or "overcome" through "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

The record demonstrates Thomas filed her federal petition after the AEDPA deadline. Because Thomas did not file a petition for certiorari after the OCCA affirmed her conviction on December 8, 2015, the judgment became final ninety days later, or March 7, 2016. *See Fleming v. Evans,* 481 F.3d 1249, 1255 (10th Cir. 2007) (absent a further appeal to the U.S. Supreme Court, the one-year period begins to run 90 days after the OCCA affirms a conviction); *Rhine v.*

*Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (explaining that if the defendant fails to seek certiorari, the conviction becomes final after the 90-day period has passed). On February 24, 2017, with 12 days remaining in the one-year period, Thomas filed her state habeas petition. The proceedings tolled the limitation period until October 31, 2017, when the OCCA affirmed the denial of the petition. *See Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir. 1999) (holding the one-year period is tolled while a timely-filed state habeas petition is pending in the trial and appellate court). There was no case activity for the next 12 days, and the deadline ran on November 13, 2017. Thus, the habeas petition is time barred unless - as Thomas contends - equitable tolling, statutory tolling, or the actual innocence exception apply. Doc. 8.

*A. Equitable Tolling*

To obtain equitable tolling, a petitioner must show they "ha[ve] been pursuing [their] rights diligently," and that "some extraordinary circumstance … prevented timely filing" of the federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner to "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2000)). Thomas does not allege she attempted to, or was thwarted from, meeting the November 13, 2017 deadline. Rather, it appears she misapprehended the federal due date. The Response argues that the conviction did not become final until July 2017, when the trial court "expanded the record" by holding oral argument on the state habeas petition. Doc. 8 at 2. This position is contrary to the express language of § 2244, which provides a conviction becomes final at "the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Thomas' differing view on the law "does not excuse prompt filing" under equitable tolling principles. *Marsh v. Soares*, 223 F.3d

4

1217, 1220 (10th Cir. 2000).

   B. *Statutory Tolling*

Alternatively, Thomas argues she could not have discovered the factual predicate of her claims for government corruption until 2017. Doc. 8 at 5; *see also* 28 U.S.C. § 2244(d)(1)(D) (extending the AEDPA deadline until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). That year she became aware of two unrelated sex abuse cases that allegedly feature misconduct by DHS. In *State v. Jacob Eric Roberts*, Case No. CF-2015-00411, DHS advocated for a prosecution, but the jury acquitted the defendant. Doc. 8 at 6. In *State v. Charles Robert Tatum,* Case No. CF-2013-00214, DHS officials pressured the defendant's wife, Amie Tatum, to lie and accuse her husband of child abuse. *Id.* at 5.[1] Thomas alleges DHS official Weatherly made a similar threat to her friend Rae Nita Grubbs to elicit favorable testimony for the State. *Id.* Thomas also recently discovered Weatherly was convicted of embezzlement and breaking and entering. Doc. 8 at 6.

The limitation period in § 2244(d)(1)(D) begins to run when a habeas petitioner could have discovered "facts relevant to the[] habeas claims." *Smallwoood v. Martin,* 2013 WL 18446841, * 2 (10th Cir. May 3, 2013).[2] Section 2244(d)(1)(D) does not trigger a new limitation period where, as here, the petitioner discovered unrelated state court proceedings that may have "alerted" them to new legal arguments. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (rejecting habeas petitioner's argument that habeas claim was timely under § 2244(d)(1)(D) when petitioner "was clearly aware" of the factual basis for his claim "years before" filing habeas

---

[1] The Response refers to an affidavit by Tatum, but the document was not filed of record. The Court will accept the unsworn excerpts in the Response because doing so does not change the outcome of this ruling.

[2] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

5

petition even if later state court decisions may have "alerted" petitioner to new legal basis for claim).

Further, even if some of the facts are new, there is no indication they tainted Thomas' criminal proceeding or are otherwise relevant to the habeas claims. The petition reflects that Rae Nita Grubbs provided favorable testimony for Thomas, notwithstanding any threats by Weatherly. Grubbs stated she never saw unexplained injuries on the children; they were receiving a proper education; and they were not afraid to be in Thomas' home. Doc. 2 at 37. Weatherly, on the other hand, did not testify at trial, and Thomas has not explained how her alleged misconduct impacted the jury's verdict. Doc. 7-3 at 20; *see generally* Doc. 8. The newly discovered evidence is therefore insufficient to trigger a later limitation period under § 2244(d)(1)(D).

*C. Actual Innocence*

Thomas also argues the one-year limitation period should be overcome based on actual innocence and the fundamental miscarriage of justice. She asserts her petition makes a colorable showing of factual innocence and that her trial was fundamentally unfair. Doc. 8 at 3-4.

The miscarriage of justice exception is not distinct from actual innocence, nor does it provide an independent basis for challenging an unfair trial. "To invoke the miscarriage of justice exception[,] … a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence'" demonstrating innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). *See also Zeigler v. Crosby,* 345 F.3d 1300, 1307-08 (11th Cir. 2003) ("To establish a fundamental miscarriage of justice, a petitioner must show a colorable claim for actual innocence."); *Taylor v. Neven,* 2010 WL 3001633, * 18 (D. Nev. July 27, 2010) ("In the absence of a showing of actual innocence, there otherwise is not a separate exception for a 'miscarriage of

justice'"). The "exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010). The petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial ...." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Examples of new reliable materials include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence … that was not presented at trial." *Id.* at 324.

Neither the Petition nor the Response presents new, reliable evidence of innocence. While the new facts may demonstrate systematic failures in the Osage County DHS office, they do not bear on whether Thomas abused her adopted children. *See U.S. v. Maravilla*, 566 Fed. App'x 704, 708 (10th Cir. May 9, 2014) (noting that "legal innocence … include[ing] procedural defects invalidating a conviction" are not sufficient to show actual, factual innocence). The remainder of Thomas' arguments simply rehash and attack the evidence at trial. She contends, for example, that her adopted children lied about the abuse, and her biological daughter was merely retaliating because Thomas would not "let her have her way with an older married man." Doc. 2 at 19. The jury considered the children's testimony and determined Thomas was guilty. Thomas' actual innocence claim therefore fails, and the Court will dismiss the § 2254 action as untimely.

## IV. Certificate of Appealability

Habeas Corpus Rule 11 requires "[t]he district court [to] … issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the dismissal is based on procedural grounds, the petitioner must also show reasonable jurists would find the ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not debate that Thomas' habeas petition

7

is time barred, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Motion to Consolidate (Doc. 6) is **denied.**

2. The Motion to Dismiss Lora Lee Thomas' petition for a writ of habeas corpus (Doc. 7) is **granted**.

3. A certificate of appealability is **denied**.

4. A separate Judgment will be entered disposing of the case.

ORDERED this 15th day of May, 2018.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE